UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY

NORTHERN DIVISION

ASHLAND

Civil Action No. 19-83-HRW

CHARLES GRIMM
and
ELLA ROSE GRIMM,                                                                                      PLAINTIFFS,

v.                                            **MEMORANDUM OPINION AND ORDER**

COUNTRY ROADS MINERALS, LLC,                                                        DEFENDANT.

      This matter is before the Court upon Defendant Country Road Minerals' Motion to Dismiss [Docket No. 6]. Plaintiffs have responded to the motion [Docket No. 11]. For the reasons set forth herein, the Court finds that the Complaint fails to state a claim upon which relief may be granted.

**I.**

      This action for declaratory judgment seeks to determine the validity of a deed pertaining to a tract of land in Tyler County, West Virginia. As alleged in the Complaint, in March of 2019, Charles Grimm conveyed to Country Roads Minerals, LLC ( "Country Roads") the title to and certain oil, gas and mineral rights in this parcel of land in exchange for $15,000.00. [Complaint, Docket No. 1, ¶ 8].

1

The conveyance was memorialized in a quitclaim deed, prepared by Country Roads Minerals, LLC, signed by Charles Grimm, notarized and dated March 28, 2019. *Id.* A copy of the deed is in the record at Docket No. 1-1.

Prior to the March conveyance, Antero Resources had been paying to Plaintiffs "certain sums and/or royalties" with regard to the same tract of land. *Id.* at ¶ 13. According to the Complaint, in April 2019, Antero Resources ceased paying Plaintiffs. *Id.* at ¶ 14.

Plaintiffs allege that "his interest in Ritchie County, West Virginia should have been the wording put in the Quit Claim Deed to Country Roads Minerals, LLC, and not that of any interest he had in Tyler County, West Virginia." *Id.* at ¶ 12.

Plaintiffs Charles and Ella Rose Grimm filed this lawsuit against Antero Resources alleging breach of contract and against Country Roads alleging "unauthorized practice of law, fraud, mistake, duress and failure to comport with deed formalities as required." *Id.* at ¶ 17. In their Complaint, the Grimms seek a declaration as to the validity of the deed, to set aside the deed as fraudulent, compensatory and punitive damages, as well as attorney's fees and costs.

Antero Resources was dismissed from this civil action upon Agreed Order [Docket No. 5]. Country Roads seeks dismissal of all claims alleged against it.

## II.

Dismissal of a complaint is warranted under Fed.R.Civ.P. 12(b)(6) if it fails to state a claim upon which relief can be granted. With respect to a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Sixth Circuit Court of Appeals explained in *Estate of Ezra G. Smith v. United States,* 509 Fed.Appx. 436 (6th Cir. 2012) that:

> [t]he Supreme Court held in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) that to survive a motion to dismiss under Rule 12(b)(6) a complaint must contain (1) enough facts to state a claim to relief that is plausible; (2) more than a formulaic recitation of a cause of actions' elements; and (3) allegations that suggest a right to relief above a speculative level. (internal citation omitted)...A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (internal citation omitted)...For a complaint to survive a motion to dismiss, the non-conclusory factual content and the reasonable inferences from that content, must be plausibly suggestive of a claim entitling a plaintiff to relief. (internal citation omitted) Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief.

*Estate of Ezra G. Smith,* 509 Fed.Appx. at 439.

### III.

A threshold question to be decided is what law governs this case. Under the well-established Supreme Court precedent in *Erie R.R. v. Tompkins,* "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

"[F]ederal courts sitting in diversity [as in this case] apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 417, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996).

When a conflict of law arises during such an action, "the choice-of-law rules of the forum state" govern. *Wallace Hardware Co. v. Abrams,* 223 F.3d 382, 391 (6th Cir.2000). Put differently, to resolve conflicts between state laws, a federal court sitting in diversity applies the choice-of-law rules of the state in which the court sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 497, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Accordingly, the choice-of-law rules to be applied are those of Kentucky.

In Kentucky, the "most significant contacts test" applies to contract disputes. *Saleba v. Schrand*, 300 S.W.3d 177, 180-81 (Ky. 2009). Under that test, the law of the state which "has the most significant relationship to the transaction" applies.

This case involves a tract of land in West Virginia. Plaintiffs are citizens of Kentucky and Defendant is a West Virginia limited liability company.

It would appear that West Virginia has a clear interest in governing deeds pertaining to land within its borders and recorded in its state. Indeed, Plaintiffs concede that West Virginia law should apply to the substantive issues in this case.

## IV.
### A.

Plaintiffs contend that the deed is not valid because it "fail[s] to comport with the deed formalities as required." [Complaint, Docket No. 1, ¶ 16].

Under West Virginia law, "[a]ny writing that sufficiently identifies the party, describes the land, acknowledges a sale in fee of the vendor's right for a valuable consideration, and is signed and sealed by the grantor and is duly attested, is held to be a good deed of bargain and sale." *Waldron v. Pigeon Coal Co.*, 56 S.E.492, 494 (W. Va. 1907).

The March 28, 2019 deed identifies the parties to the conveyance, establishing

4

that the grantor is "Charles D. Grimm, Jr., a married man doing business in his sole and separate property," and that the grantee is "Country Roads Minerals, LLC, with an address of P.O. Box 31, St. Mary's, WV 26170." [Doc. No. 1-1.].

It identifies the specific property to be conveyed: "all of Grantor's right, title and interests, in the County of Tyler, in the State of West Virginia, including, but not limited to, the oil, gas and minerals." *Id.*

The deed further specifies that "Grantor does hereby transfer, assign, and set over unto Grantee all of Grantor's interest in and to all moneys, proceeds, income, and other personal property now on hand or in the possession of any third party . . . which have heretofore accrued to the mineral and/or royalty interest of Grantor." *Id.*

The deed similarly identifies "consideration in the sum of Fifteen Thousand Dollars ($15,000.00) Dollars [sic], and other valuable consideration." *Id.*

It is signed by Charles Grimm and notarized. *Id.*

The March 28, 2019 Deed contains no ambiguity as to the rights transferred to Country Roads, including the Antero royalties, for valuable consideration. Moreover, it fully satisfies the requirements under West Virginia law.

Plaintiffs' argument against the validity of the deed is two-fold. First, they argue that because the deed was not signed by Country Roads, it is invalid. This argument has no merit whatsoever. West Virginia law does not require a grantee's signature. *See Waldron*, 56 S.E. at 492.

Nor is the signature of Charles Grimm's wife, Plaintiff Ella Rose Grimm, required here, as alleged in the Complaint, as Charles Grimm conveyed his interests as "his sole and separate property." [Doc. No. 1-1.]

Plaintiffs further contend that Country Roads' preparation of the deed constitutes unauthorized practice of law, thereby, somehow, nullifying the deed. Again, this argument is unavailing. In West Virginia, a person who appears on his own behalf does not engage in the unauthorized practice of law. *See West Virginia State Bar v. Early*, 144 W.V. 504 (1959). The West Virginia Supreme Court of Appeals adopted a definition for the practice of law which specifically provides that "it is from the relation of attorney and client that any definition of the practice of law must be derived." KY ST S CT Rule 3.020, Practice of Law Defined. In this case, there was no attorney client relationship between the parties. Nor is it alleged that Defendant purported to represent Plaintiff in some manner. Country Roads did not purport to act as counsel to a transaction in which it held no direct interest. Rather, Country Roads accepted the deed it drafted for itself at its own risk. Plaintiff Charles Grimm read and understood the effect of the deed as evidenced by his notarized signature. The deed itself did not impose any covenants, duties, or obligations upon Plaintiff. It simply does what it purports to do: transfer and convey Plaintiff's mineral interests in in Tyler County to Country Roads for consideration.

The deed unambiguously and fully satisfies the requirements under West Virginia law.

**B.**

Plaintiffs also allege that Country Roads committed fraud in connection with the conveyance or, somehow, a mistake was made in the description of the land. This is a tough row to hoe.

A heightened standard must be applied to Plaintiffs' claims of fraud and mistake. Federal Rule of Civil Procedure 9(b) instructs that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy Rule 9(b)'s

6

heightened pleading requirements, "the plaintiffs, at a minimum, must 'allege the time, place, and content of the alleged misrepresentation ... the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.' " *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 342 F.3d 634, 643 (6th Cir. 2003)); *see also William Beaumont Hosp. Sys. v. Morgan Stanley & Co., LLC*, 677 F. App'x 979, 982–983 (6th Cir. 2017) (holding that to satisfy Rule 9(b), a plaintiff, at a minimum, must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.").

The allegations in the Complaint fall far short. Notwithstanding the absence of the who-what-where-when details of the alleged fraud, even if Plaintiff's allegations are true, to-wit, that Country Roads did not sign the deed and that it prepared the deed, neither are fraudulent acts. A simple reading of the Complaint reveals no fraudulent schemer or intent. Nor are there allegations that Country Roads forced Plaintiff to sign the deed, altered the deed without Plaintiff's knowledge. Plaintiffs' claim of fraud, mistake and duress is simply the deed should have said something else.

When dealing with an unambiguous instrument, as this deed is, as set forth *supra*, it must be analyzed within its four corners. Even if the Plaintiffs alleged or alluded to extrinsic evidence, which they have not, it would not be permitted. *See generally, Lee Enterprises, Inc. v. Twentieth Century–Fox Film Corp.,* 172 W.Va. 63, 303 S.E.2d 702 (1983).

## IV.

The deed satisfies all the requirements of West Virginia law. Plaintiff's allegations of fraud and mistake are not plead with sufficient particularity. As such, the Complaint fails to state a claim upon which relief may be granted and must be dismissed.

Accordingly, **IT IS HEREBY ORDERED** that upon Defendant Country Road Minerals' Motion to Dismiss [Docket No. 6] be **SUSTAINED** and that this matter be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

This 20th day of May 2020.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge